STATE ex BUDGET PLAN FINANCE CO v GREER

Ohio Appeals, 7th Dist, Mahoning Co
Decided March 14, 1930

Attorneys, not given.

POLLOCK, J.

The question to be determined by this court then is whether or not the Municipal Court has jurisdiction to issue summons for a person residing in Mahoning County out-

side of the City of Youngstown, when the non-residents are joint defendants with a defendant living within the city of Youngstown. The determination of this question depends upon the construction that should be given to the provisions of the Code providing for a municipal court for this city. The part of the Code from which the matter must be determined is confined in very small limits. Section **1579-132 GC.**

'The municipal court shall have original jurisdiction within the limits of the city of Youngstown, in the following cases:

1. All actions and proceedings of which justices of the peace as provided by law now have or may hereafter be given jurisdiction."

It is claimed on the part of the Relator that this provision gives the Municipal Court jurisdiction in any action which if it had been brought in a justice court, the justice of the peace would have had jurisdiction, while on the part of the bailiff it is claimed that it only gives the Municipal Court jurisdiction if a justice would have had jurisdiction and the defendants were within the limits of the city. In other words, it does not extend the jurisdiction of the Municipal Court to persons who are without the city and must be served without the city.

Now, looking at this provision "The municipal court shall have original jurisdiction within the limits of the City of Youngstown"; that is, his jurisdiction only extends over the territory of the City of Youngstown. The court only exercises jurisdiction within the city, but its jurisdiction over the person is not limited to the city in the following cases: "All actions and proceedings of which justices of the peace as provided by law now have, or may hereafter be given jurisdiction." We think there could not be much plainer language. The meaning of the section is just as certain as it would have been if the municipal act in the place of using the provision just above referred to, had quoted the justice's act. While the jurisdiction of the Municipal Court is within the city, yet its jurisdiction is identical and in fact supercedes and takes the place of a justice of the peace within the city, and whatever jurisdiction formerly justices of the peace within the city would have had in an action, the Municipal Court now has. If a justice of the peace has jurisdiction to bring into court, hear and determine and enter judgment against joint defendants, where one lives in the township and the other defendants live within the city, the Municipay Court has that jurisdiction.

Section **10223 GC** provides for the general jurisdiction of a justice of the peace:

"Unless otherwise directed by law, the jurisdiction of justices of the peace in civil cases, is limited to the township wherein they have been elected and wherein they reside."

In other words, unless extended by some other provision of the act, a justice's jurisdiction is limited to the township in which they were elected, about the same language that was used in creating the Municipal Court. Section **10225 GC** further extends the jurisdiction of justices of the peace over the person of a defendant:

"Except as provided in the next preceding section, no householder or freeholder of the county shall be held to answer a summons issued against him by a justice in a civil matter in any township of such county other than the one where he resides, except in the cases following."

Then we come down to paragraph five:

"When two or more persons are jointly or jointly and severally bound in a debt or contract, or otherwise jointly liable for the same action, and reside in different townships of the same county, or in adjoining counties, the plaintiff may commence his action before a justice of the township in which any of the persons liable reside."

Under this provision the justice of the peace would have jurisdiction to hear and enter judgment against all of these defendants if suit was brought in any township in which any one of the defendants resided. This action was brought in the Municipal Court against these parties jointly, and one of them lived within the limits of the City of Youngstown and was served. We think the court had jurisdiction to cause summons to be served on the others and adjudicate and determine the action that was brought against them, and that the bailiff of this court should have made an attempt to serve these parties at their residence or home in Campbell.

The writ requiring the bailiff to serve these parties defendants whom it is claimed reside in Campbell may issue.

Roberts and Farr, JJ, concur.